IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Brian Patton and Jennifer Patton, on behalf of :
themselves and all others similarly situated : Case No. 1:06-CV-010
:
              Plaintiffs, : District Judge Susan J. Dlott
    v. :
: ORDER DENYING PLAINTIFFS'
Jeff Wyler Eastgate, Inc., : MOTION FOR ENTRY OF
: PERMANENT INJUNCTION
             Defendant. :

      This matter is before the Court on Plaintiffs' Motion for Entry of Permanent Injunction (doc. 32).  Plaintiffs request the Court "to enter an order permanently enjoining the defendant from using any forms that purport to condition financing on the defendant's ability to assign its financing contracts to third parties."  (Id. at 4.)  For the reasons that follow, Plaintiffs' Motion is **DENIED**.

      Plaintiffs initiated this suit on January 11, 2006 by filing a complaint captioned as a "CLASS ACTION COMPLAINT TO ENFORCE CIVIL LIABILITY PURSUANT TO THE FEDERAL TRUTH-IN-LENDING ACT, SEEKING STATUTORY DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF, ATTORNEY FEES; JURY TRIAL."  (Doc. 1.) Plaintiffs did not move to certify a class after filing the Complaint.

      Plaintiffs filed a Motion for Summary Judgment (doc. 17) on October 4, 2006.  During briefing on the Rule 56 motion, Plaintiffs sought an extension of time to file a motion for class certification.  (Doc. 21.)  The Court gave Plaintiffs until November 20, 2006 to file the class certification motion.  (Doc. 22.)  Plaintiffs did not timely move to certify a class before November 20.  On March 8, 2007, the Court granted Plaintiffs summary judgment as to liability

1

on Count I of their Complaint. (Doc. 29.) Almost six months later, Plaintiffs filed the instant Motion for Entry of Permanent Injunction. Defendant opposed the motion.

Plaintiffs now seek to withdrawal the Motion without prejudice to refiling. (Doc. 36.) Nonetheless, the Motion is denied on the merits. Plaintiffs' Motion is predicated on Rule 23(b)(2) of the Federal Rules of Civil Procedure which reads in relevant part as follows:

> (b) Class Actions Maintainable
>
> An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
>
> * * * *
>
> (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole . . . .

Fed. R. Civ. P. 23. The Court will not grant an injunction on this basis because Plaintiffs failed to timely move for class certification and have not attempted to satisfy the class prerequisites stated in subdivision (a) of Rule 23. Additionally, Plaintiffs have not established that the injunctive relief sought would be warranted even if a class had been certified.

For the foregoing reasons, the Court hereby **DENIES** Plaintiff's Motion for Entry of Permanent Injunction (doc. 32).

IT IS SO ORDERED.

                    ___s/Susan J. Dlott_____
                    Susan J. Dlott
                    United States District Judge